UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ABDUL H. JABARIN      :      Chapter 7
:
Debtor      :      Bky. No. 07-10268ELF
:
:

# O R D E R

**AND NOW**, Debtor Abdul H. Jabarin ("the Debtor") having filed a motion to dismiss this chapter 7 case without prejudice pursuant to 11 U.S.C. §707(a) ("the Motion") on February 28, 2008;

**AND**, the Debtor having asserted in his Motion that as a result of confusion caused by language differences, he failed to disclose to his bankruptcy counsel certain prepetition asset transfers he made to his wife and children and that his decision to file for bankruptcy consequently was made in error -- i.e., had he understood the potential impact bankruptcy might have on these transfers, he would not have filed this case;

**AND,** the chapter 7 Trustee, Arthur Liebersohn ("the Trustee"), having filed an Answer in opposition to the Motion on March 12, 2008;

**AND**, the court having heard argument on the Debtor's Motion on April 2, 2008;

**AND**, the Trustee and the United States Trustee ("the UST") having appeared at argument to oppose the Debtor's Motion;

**AND**, at the conclusion of argument, the court having taken under advisement the issue of whether, accepting all of the Debtor's factual assertions as true, the Debtor established cause to dismiss this case voluntarily or whether an evidentiary hearing was required;

1

**AND**, the Debtor, the UST and the Trustee having filed post-argument memoranda of law on April 10, 15 and 24, 2008, respectively;

**AND**, the Trustee and/or the UST having raised in their memoranda certain issues regarding potential prejudice to the Debtor's creditors should this case be dismissed and the Debtor's good faith in filing this Motion;

**AND**, a chapter 7 debtor not having an absolute right to dismiss his case voluntarily, see In re Smith, 507 F.3d 64, 72 (2d Cir. 2007); In re Boyce, 2006 WL 3061633 at *3 (E.D. Pa. Oct. 26, 2006);

**AND**, section 707(a) of the Bankruptcy Code providing that the court may dismiss a chapter 7 case "only after notice and a hearing and only for cause." 11 U.S.C. §707(a) (emphasis added);

**AND**, courts having found that chapter 7 debtors may move for voluntary dismissal under 11 U.S.C. §707(a), see In re Hopkins, 261 B.R. 822, 823 (Bankr. E.D. Pa. 2001); see also In re Smith, 507 F.3d at 72;

**AND**, the debtor having the burden of demonstrating cause to dismiss a chapter 7 case voluntarily, see, e.g., In re Boyce, 2006 WL 3061633 at *3;

**AND**, "cause" not being a defined term in 11 U.S.C. §707(a);

**AND**, the task of determining whether sufficient cause exists being committed to the bankruptcy court's sound discretion, see e.g., In re Boyce, 2006 WL 3061633 at *4; In re Heatley, 51 B.R. 518, 519 (Bankr. E.D. Pa. 1985);

**AND**, the court having concluded, upon consideration of the memoranda of law filed by the parties and a review of the pertinent case law, that the determination of whether a chapter 7 debtor should be permitted to dismiss his or her bankruptcy case voluntarily requires an analysis of the totality of the circumstances and that such analysis encompasses equitable considerations including (but not limited to) whether the dismissal would be prejudicial to creditors, whether the debtor is acting in good faith, and whether there has been a prejudicial delay in bringing the motion;

**AND**, the objecting parties having raised certain equitable considerations in their post-argument briefing and none of the parties having had the opportunity to establish and develop those issues on an evidentiary record;[1]

**AND**, the court concluding that the evidentiary development of issues that would inform decision on the Motion is necessary to the disposition of the Motion;

---

[1] At this time, I do not decide whether a debtor has the burden of proving the absence of countervailing equitable concerns as part of his burden of proof in seeking to dismiss his chapter 7 case voluntarily or whether, once a debtor makes an initial showing of "cause," an objector must prove the existence of countervailing equitable considerations to defeat the debtor's motion.

It is hereby **ORDERED** that an evidentiary hearing on the Motion shall be held on

**August 27, 2008, at 1:00 p.m., in Bankruptcy Courtroom No. 1, U.S. Courthouse, 900**

**Market Street, Philadelphia, PA**.

Date:  July 15, 2008

          **ERIC L. FRANK**
          **U.S. BANKRUPTCY JUDGE**

**Counsel**
Paul H. Young
Counsel for the Debtor

Michael H. Kaliner
Counsel for the Arthur P. Liebersohn, Trustee

Frederic J. Baker
David Klauder
Counsel for United States Trustee